Aaron Zigler (#327318)
  amz@kellerlenkner.com
Travis Lenkner (*pro hac vice forthcoming*)
  tdl@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

*Attorneys for Petitioner David Prince*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DAVID PRINCE,  *Petitioner*,  v.  CAVIAR, LLC,  *Respondent*. | Case No. 3:20-cv-01292  **PETITION FOR ORDER COMPELLING ARBITRATION** |

Petitioner David ("Dave") Prince files this Petition for an Order Compelling Arbitration against Respondent Caviar, LLC as follows:

## NATURE OF THE PETITION

1. Dave Prince is a Caviar courier who is attempting to arbitrate individual claims against Caviar for misclassifying him as an independent contractor instead of an employee. Mr. Prince contends that in misclassifying him, Caviar has violated the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and related California and local laws.

2. Mr. Prince's employment agreement with Caviar contains a sweeping "Mutual Arbitration" provision (referred to as the "Arbitration Agreement"). The Arbitration Agreement explicitly requires that all disputes between Caviar and Mr. Prince be heard in individual arbitration administered by JAMS. It also prohibits Caviar from participating in any class, collective, or representative proceeding.

3. On August 2, 2019, counsel for Mr. Prince informed then-counsel for Caviar of its representation of a large number of Caviar couriers, and of each courier's intent to file an individual demand for arbitration against Caviar. After this initial outreach, the parties agreed to mediate and engaged in a pre-mediation information exchange, which included counsel for Mr. Prince sending Caviar a list of its courier clients, including Mr. Prince.

4. On September 10, 2019—after Caviar had learned that it faced many demands for individual arbitration—Caviar negotiated an agreement that purports to settle the misclassification claims of all its California couriers, including those of Mr. Prince, on a class-wide basis. The settlement plaintiffs in that case moved for preliminary approval of the proposed class settlement on December 13, 2019.

5. On February 18, 2020, in accordance with the Arbitration Agreement, counsel for Mr. Prince served Mr. Prince's demand for arbitration on counsel for Caviar and JAMS.

6. Caviar's participation in a class-wide settlement that is attempting to settle Mr. Prince's claims is a direct violation of the Arbitration Agreement.

7. Mr. Prince has filed this Petition to require Caviar to abide by its Arbitration Agreement.

## PARTIES

8. Petitioner Dave Prince is a Caviar courier who lives and drives in Los Angeles, California.

9. Respondent Caviar, LLC is a Delaware limited liability company headquartered in San Francisco, California.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 9 U.S.C. § 4 and 28 U.S.C. §§ 1331 and 1367 because the underlying controversy involves claims arising under federal law.

11. This Court has personal jurisdiction over Caviar because Caviar has its headquarters and principal place of business in California.

12. Venue is proper in this District (San Francisco Division) pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1391(b) because Caviar is headquartered and conducts business in San Francisco County, and many of the acts and omissions complained of occurred in San Francisco County.

## INTRADISTRICT ASSIGNMENT

13. This action is properly assigned to the San Francisco Division of this District, pursuant to Civil Local Rule 3-2(c) and (d), because a substantial part of the events or omissions that give rise to the claim occurred in San Francisco County, which is served by the San Francisco Division.

## BACKGROUND

14. Caviar is an on-demand delivery service through which customers may order food from participating restaurants for delivery. Caviar pays couriers to make those deliveries.

15. Mr. Prince is a Caviar courier whom Caviar has misclassified as an independent contractor rather than an employee, in violation of federal, state, and local law.

16. With all its couriers, Caviar executes a Courier Agreement that contains an Arbitration Agreement. The Arbitration Agreement requires that all parties to the agreement arbitrate all disputes between them in an individual arbitration before JAMS. *See* Prince Decl. ISO Mot. To Compel Arbitration (filed concurrently herewith), Ex. A § 6.a. The Arbitration Agreement further requires that arbitrations be conducted individually; it prohibits any class or consolidated

proceedings. *Id*. § 6.d.

17. Every time a courier has brought misclassification claims against Caviar, including class claims, Caviar has moved to enforce its broad Arbitration Agreement to preclude that courier from bringing claims in court. *See Levin v. Caviar, Inc. d/b/a Try Caviar*, 3:15-cv-01285-EDL, Def.'s Mot. To Compel Individual Arbitration and Mot. To Dismiss, p. 10, ECF No. 24 (N.D. Cal. June 30, 2015) ("The Court should compel individual arbitration of all of Levin's claims that arise from the dispute over whether Levin could have been properly classified as an independent contractor."); Lenkner Decl. ISO Mot. To Compel Arbitration (filed concurrently herewith), Ex. E, *Woodle v. Square, Inc. (d/b/a Caviar)*, CGC-18-566559, Def.'s Mem. Of Points and Authorities in Supp. Of Mot. To Compel Individual Arbitration of Arbitrable Claims and to Stay Litig. Of Inarbitrable Claims, (Cal. Super. Ct. July 16, 2018); *id*., Ex.H, *Cole v. Square, Inc. (d/b/a Caviar)*, BC719079, Def.'s Mot. To Compel Individual Arbitration, (Cal. Super. Ct. Dec. 12, 2018).

18. Caviar's motions to compel individual arbitration have been successful. *See Levin*, 146 F. Supp. 3d 1146 (N.D. Cal. 2015); *id*., No. 15-CV-01285-EDL, 2016 WL 270619 (N.D. Cal. Jan. 22, 2016); Lenkner Decl., Ex. G, *Woodle*, Order Granting Mot. To Compel Arbitration (Nov. 5, 2018); *id*., Ex. I, *Cole*, Order Granting in Part and Denying in Part Def.'s Mot. To Compel Individual Arbitration (May 14, 2019).

19. On August 2, 2019, Mr. Prince's counsel contacted Caviar's then-counsel to inform him that a large number of couriers represented by Mr. Prince's counsel planned to file demands for arbitration to recover backpay and related penalties owed to them for Caviar's unlawful misclassification.

20. Mr. Prince's counsel offered to discuss resolving those claims in an alternative manner, such as through global mediation. During a pre-mediation information exchange, Mr. Prince's counsel sent Caviar a list of its courier clients, including Mr. Prince.

21. After several months of pre-mediation discussions and a change of counsel by Caviar, Mr. Prince's counsel flew to San Francisco to attend a mediation with Caviar on December 13, 2019.

22. Unbeknownst to Mr. Prince or his counsel, while the parties were engaging in pre-

1  mediation discussions, on September 10, 2019, Caviar attended a mediation with Lichten & Liss-
2  Riordan, P.C. ("LLR"), which represented plaintiffs in several pending Private Attorney General
3  Act actions that were pending against Caviar, including the *Cole* case. At the mediation, Caviar
4  and LLR agreed to breach Caviar's Arbitration Agreement with Mr. Prince by settling his claims—
5  and other couriers' claims subject to a similar Arbitration Agreement—in a proposed class-action
6  settlement. LLR moved for preliminary approval of the proposed class-action settlement in the
7  *Cole* case—which Caviar had already successfully compelled to arbitration—on the same day as
8  the mediation between Mr. Prince and Caviar. *See supra* ¶¶ 17, 18.

9  23. Mr. Prince has moved to intervene in the *Cole* case to protect his right to individual
10 arbitration.

11 24. On February 18, 2020, in accordance with the Arbitration Agreement's requirement
12 that all disputes must be pursued in individual arbitration, Mr. Prince filed his demand for
13 arbitration with JAMS and served it on Caviar's counsel.

14 **THIS COURT SHOULD ENFORCE THE PARTIES' ARBITRATION AGREEMENT**

15 25. It is undisputed that Mr. Prince and Caviar entered into an Arbitration Agreement
16 requiring them to arbitrate the issue of whether Mr. Prince is an independent contractor or employee
17 on an individual basis.

18 26. It is also undisputed that Mr. Prince and Caviar entered into an Arbitration
19 Agreement that prohibits Caviar from even <u>participating</u> in a class-action proceeding.

20 27. Caviar has violated the Arbitration Agreement because it has entered into a class-
21 action settlement that would settle Mr. Prince's misclassification claims against Caviar.

22 **PRAYER FOR RELIEF**

23 28. WHEREFORE, Mr. Prince respectfully requests that this Court enter an Order
24 requiring Caviar to proceed with individual arbitration with Mr. Prince and prohibiting Caviar from
25 participating in any class, collective, or representative proceeding that includes Mr. Prince's claims,
26 including the proposed class-action settlement pending in *Cole*.

| | |
|---|---|
| Dated: February 20, 2020 | Respectfully submitted, |
| | /s/ Aaron Zigler |
| | Aaron Zigler (#327318) |
| |   amz@kellerlenkner.com |
| | Travis Lenkner (*pro hac vice forthcoming*) |
| |   tdl@kellerlenkner.com |
| | KELLER LENKNER LLC |
| | 150 N. Riverside Plaza, Suite 4270 |
| | Chicago, Illinois 60606 |
| | (312) 741-5220 |
| | |
| | *Attorneys for Petitioner David Prince* |

**CERTIFICATE OF SERVICE**

I certify that I shall cause the foregoing document to be served on Caviar, LLC via its designated agent for service of process: Novel Brewer located at 901 Market Street, Suite 600, San Francisco, CA 94103.

Dated: February 20, 2020             /s/ Aaron Zigler