Aaron Zigler (#327318)
  amz@kellerlenkner.com
Travis Lenkner (*pro hac vice forthcoming*)
  tdl@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

*Attorneys for Petitioner David Prince*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID PRINCE,<br><br>   *Petitioner*,<br><br>v.<br><br>CAVIAR, LLC,<br><br>   *Respondent*. | Case No. 3:20-cv-01292<br><br>**DECLARATION OF TRAVIS LENKNER IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>**Date**: March 26, 2020<br>**Time:** 1:30 p.m. |

I, Travis Lenkner, declare based on personal knowledge as follows:

1. I am the Managing Partner of Keller Lenkner LLC, counsel for Petitioner David Prince in this matter.

2. I have personal knowledge of the facts stated herein, and if called upon as a witness, I could and would testify competently thereto.

3. On August 1, 2019, DoorDash, Inc. announced that it had reached an agreement with Square, Inc. to acquire Caviar. *See* Tony Xu, *Combining two great companies: DoorDash to Acquire Caviar*, available at https://blog.doordash.com/combining-two-great-companies-doordash-to-acquire-caviar-9c427721f775.

4. On August 2, 2019, Keller Lenkner reached out to Caviar's outside counsel, Keker, Van Nest & Peters LLP ("Keker"), to inform Caviar that a large number of couriers had retained Keller Lenkner to bring demands for arbitration for misclassification claims against Caviar, and to inquire whether Caviar wanted to discuss resolving those claims before arbitrations commenced. Attached as Exhibit A is a true and correct copy of the email chain between Keller Lenkner and Keker, including communications taking place from August 2 through August 29, 2019.

5. On August 6, 2019, Keker informed Keller Lenkner that it needed more time to respond to Keller Lenkner's inquiry in light of DoorDash's acquisition of Caviar. *See* Exhibit A.

6. On August 12, 2019, having not received a response, Keller Lenkner informed Keker that it planned to proceed with the couriers' demands for arbitration. *See* Exhibit A.

7. On August 13, 2019, Keker introduced Keller Lenkner to Martin White, in-house counsel at Square, Inc. *See* Exhibit A.

8. On August 16, 2019, I spoke to Mr. White by telephone, and on August 23, 2019, Square confirmed that it was "open to mediating this case with your clients in advance of filing arbitration demands." Attached as Exhibit B is a true and correct copy of the email chain between Keller Lenkner and Martin white from August 23, 2019.

9. On August 29, 2019, Keker confirmed that it would "be representing Caviar in this matter," including with respect to the "pre-filing mediation." *See* Exhibit A.

10. Because Keker confirmed that it would represent Caviar, and because Caviar stated

1    that it wanted to attempt to resolve the couriers' claims through mediation, Keller Lenkner did not
2    file any demands for arbitration.  *See* Exhibit B.

3        11.    The parties agreed to mediate the claims on November 21, 2019.  Keller Lenkner
4    would have insisted on an earlier date but agreed to a November mediation as a professional
5    courtesy to accommodate the trial schedule of the lead attorney on the matter at Keker.

6        12.    While preparing for mediation, Keker and Keller Lenkner engaged in an information
7    exchange.  Keller Lenkner sent Caviar several client lists showing that Keller Lenkner represented
8    more than 1,200 California couriers, including Mr. Prince.

9        13.    On August 26 and September 27, 2019, Keller Lenkner filed demands for individual
10   arbitration with the American Arbitration Association ("AAA") against Caviar's new parent
11   company—DoorDash—on behalf of DoorDash couriers (whom DoorDash calls "Dashers").

12       14.    AAA determined that each Dasher's demand met its filing requirements and
13   imposed a deadline of October 14, 2019 for DoorDash to pay the fees necessary to commence each
14   Dasher's arbitration.

15       15.    After giving DoorDash multiple extensions, AAA administratively closed the
16   Dashers' arbitration files because DoorDash refused to pay the fees necessary to empanel
17   arbitrators.

18       16.    On November 15 and 19, 2019, those Dashers filed court actions to compel
19   DoorDash to individual arbitration. Those actions—*Abernathy, et al. v. DoorDash, Inc.* (19-cv-
20   07545-WHA) and *Boyd, et al. v. DoorDash, Inc.* (19-cv-07646-WHA)—were consolidated in the
21   U.S. District Court for the Northern District of California.  Those actions are collectively referred
22   to as the *Abernathy* actions.

23       17.    In early November, a partner at our firm, Warren Postman, told me that Joshua
24   Lipshutz of Gibson, Dunn & Crutcher LLP had informed him that Gibson Dunn would be handling
25   the Caviar matter, not Keker.  Mr. Lipshutz and Gibson Dunn represent DoorDash in the
26   arbitrations brought by Keller Lenkner's Dasher clients, including *Abernathy*.  According to Mr.
27   Postman, Mr. Lipshutz informed Mr. Postman that he could not attend the planned November 21
28   mediation, and requested that the parties reschedule.  The parties agreed to move the mediation to

1  December 13, 2019.

2  18.     At the mediation, Gibson Dunn informed my colleagues that it had reached a class-
3  action settlement in *Cole v. Square, Inc. (d/b/a Caviar)*, BC719079, in the Superior Court of the
4  State of California for the County of Los Angeles and that settlement plaintiffs' counsel in *Cole*,
5  Lichten & Liss-Riordan, P.C. ("LLR"), would be filing a motion for preliminary approval of the
6  settlement that same day.

7  19.     Based on the settlement papers LLR filed, the *Cole* settlement was negotiated at a
8  mediation that occurred on September 10, 2019—at the same meditation where DoorDash reached
9  a similar class-action settlement in *Marciano v. DoorDash, Inc.*, CGC-18-567869, in the Superior
10 Court of the State of California for the County of San Francisco.  Attached as Exhibit C is a true
11 and correct copy of the proposed Class Action Settlement Agreement and Release in *Cole*.

12 20.     As part of the *Abernathy* action, DoorDash moved to stay the Dashers' motion to
13 compel pending final approval of the *Marciano* settlement.  *Abernathy,* DoorDash's Mot. to Stay
14 Proceedings, ECF No. 158 (Jan. 16, 2020).

15 21.     On February 10, 2020, the *Abernathy* court granted the Dashers' motion to compel
16 and denied DoorDash's request to stay the action. *Abernathy*, Order Re Mot. to Compel Arb., Mot.
17 to Stay, and Mot. to Seal, ECF No. 177 (Feb. 10, 2020).

18 22.     On February 18, 2020, Keller Lenkner filed Mr. Prince's demand for arbitration
19 with JAMS and caused it to be served on Caviar's counsel.  Attached as Exhibit D is a true and
20 correct copy of Mr. Prince's demand for arbitration (with personal identifying information
21 redacted).

22 23.     Attached as Exhibit E is a true and correct copy of Defendant Square, Inc.'s
23 Memorandum of Points and Authorities in Support of Motion to Compel Individual Arbitration of
24 Arbitrable Claims and to Stay Litigation of Inarbitrable Claims in *Woodle v. Square, Inc.*, CGC-
25 18-566-559, filed on July 16, 2018 in the Superior Court of the State of California for the County
26 of San Francisco.

27 24.     Attached as Exhibit F is a true and correct copy of the Declaration of David Howland
28 in Support of Defendant Square, Inc.'s Motion to Compel Individual Arbitration of Arbitrable

1  Claims and to Stay Litigation of Inarbitrable Claims in *Woodle* filed on July 16, 2018.

2  25.   Attached as Exhibit G is a true and correct copy of the Order Granting Motion to Compel Arbitration in *Woodle* filed on November 5, 2018.

3  26.   Attached as Exhibit H is a true and correct copy of Defendant's Motion to Compel Individual Arbitration in *Cole* filed on December 12, 2018.

4  27.   Attached as Exhibit I is a true and correct copy of the Order Granting in Part and Denying in Part Defendant's Motion to Compel Individual Arbitration in *Cole* filed on May 14, 2019.

I affirm that the foregoing is true under penalty of perjury under the laws of the United States and California.

Signed on February 20, 2020 in Chicago, Illinois

_____
Travis Lenkner

**CERTIFICATE OF SERVICE**

I certify that I shall cause the foregoing document to be served on Caviar, LLC via its designated agent for service of process: Novel Brewer located at 901 Market Street, Suite 600, San Francisco, CA 94103.

Dated: February 20, 2020           /s/ Aaron Zigler