GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:    415.393.8306

THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:    213.229.7520

Attorneys for Respondent CAVIAR, LLC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DAVID PRINCE,<br><br>            Petitioner,<br><br>   v.<br><br>CAVIAR, LLC,<br><br>            Respondent. | Case No. 3:20-cv-01292<br><br>**RESPONDENT CAVIAR, LLC'S OPPOSITION TO PETITIONER'S MOTION TO COMPEL ARBITRATION**<br><br>*[Declaration of Joshua Lipshutz submitted concurrently herewith]*<br><br>Hearing Date:   April 9, 2020<br>Hearing Time:   1:30 p.m.<br>Hearing Place:   Courtroom 3, 17th Floor<br>Hon. Richard Seeborg<br><br>Complaint Filed: February 20, 2020<br>Trial Date:   None set |

**CONTENTS**

INTRODUCTION .................................................................................................................... 1

BACKGROUND AND PROCEDURAL HISTORY ............................................................... 2

    A.    Prince Attempts To Prevent Settlement In A State-Court Case Through Multiple Tactics .................................................................................................. 2

    B.    Prince Files A JAMS Arbitration Demand And, Two Days Later, Files A Petition To Compel Arbitration And A Motion To Compel Arbitration In This Court .................................................................................................................... 3

    C.    Prince Unsuccessfully Attempts To Delay The *Cole* Settlement By Filing A Motion To Stay Premised On His Motion In This Court .............................................. 4

ARGUMENT ............................................................................................................................ 4

    A.    Legal Standard .................................................................................................... 4

    B.    Prince's Motion Is Frivolous ............................................................................... 5

    C.    Alternatively, Prince's Motion Should Be Dismissed As Moot ........................... 6

    D.    Caviar's Settlement Is Not A Valid Basis For Prince's Motion, And, In Any Case, Caviar Did Not Violate The Arbitration Agreement ................................... 7

CONCLUSION ......................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arizonans for Official English v. Arizona*,
    520 U.S. 43 (1997) ................................................................................................................. 6

*Cotter v. Lyft, Inc.*,
    193 F. Supp. 3d 1030 (N.D. Cal. 2016) .................................................................................. 7

*Couser v. Comenity Bank*,
    125 F. Supp. 3d 1034 (S.D. Cal. 2015) ................................................................................... 8

*DivXNetworks, Inc. v. Gericom AG*,
    2005 WL 8173031 (S.D. Cal. Jan. 7, 2005) ........................................................................ 4, 5

*Jones v. St. Paul Travelers*,
    2006 WL 2792430 (N.D. Cal. Sept. 27, 2006) ............................................................... 5, 6, 7

*Lee v. JPMorgan Chase & Co.*,
    2014 WL 12580237 (C.D. Cal. Nov. 24, 2014) ..................................................................... 8

*Lewis v. Cont'l Bank Corp.*,
    494 U.S. 472 (1990) ................................................................................................................. 6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ..................................................................................................................... 7

*PaineWebber Inc. v. Faragalli*,
    61 F.3d 1063 (3d Cir. 1995) .................................................................................................... 7

*Powell v. McCormack*,
    395 U.S. 486 (1969) ................................................................................................................. 6

*Pryor v. Overseas Admin. Servs., Ltd.*,
    2011 WL 13268258 (N.D. Cal. Feb. 2, 2011) ................................................................ 4, 5, 6

*Reconstruction Fin. Corp. v. Harrisons & Crosfield*,
    204 F.2d 366 (2d Cir. 1953) .................................................................................................... 7

*In re TracFone Unlimited Serv. Plan Litig.*,
    112 F. Supp. 3d 993 (N.D. Cal. 2015) .................................................................................... 8

*Van Bronkhorst v. Safeco Corp.*,
    529 F.2d 943 (9th Cir. 1976) ................................................................................................... 8

*Whiteside v. Teltech Corp.*,
    940 F.2d 99 (4th Cir. 1991) ..................................................................................................... 4

**Statutes**

9 U.S.C. § 4 ................................................................................................................................. 3, 4, 5, 7

# INTRODUCTION

The Court should dismiss Petitioner David Prince's petition and motion to compel arbitration because they are baseless and frivolous. On February 18, 2020, Prince submitted an arbitration demand with JAMS alleging that Caviar, LLC ("Caviar") misclassified him as an independent contractor. Only *two days* later, on February 20, Prince filed a petition and motion to compel arbitration in this Court, even though Caviar never indicated that it was unwilling to arbitrate these claims. In fact, on February 21, Caviar wrote to Prince's counsel, Keller Lenkner LLC, to confirm that Caviar is (and always was) willing to arbitrate Prince's dispute, and requested that Prince withdraw his petition and motion as moot. Caviar also immediately paid its $1,750 filing fee with JAMS, again confirming that it agrees to arbitrate this dispute. Nonetheless, Prince has refused to withdraw the petition and motion to compel arbitration, despite the fact that *arbitration is underway*.

The sole purpose of Prince's motion appears to be establishing a basis to delay approval of a $3 million class-action settlement in a separate, state-court case, *Cole v. Caviar, LLC*, No. BC 719079 (L.A. Super. Ct.). Despite not being a party to *Cole*, Prince has tried several different tactics to prevent the settlement from moving forward, including (prematurely) filing objections to the settlement, moving to intervene in that case, and requesting complex designation so that the case would be reassigned and the preliminary approval hearing continued. Then, after filing his motion to compel arbitration in this Court, Prince immediately moved to stay *Cole* until this "dispute" over his right to arbitration is resolved and unsuccessfully applied *ex parte* to continue the preliminary approval hearing until his stay motion could be heard. These actions constituted a frivolous, eleventh-hour effort to prevent the state court from considering a settlement that Prince has known about for over two months and from which he may opt out. Indeed, the delay Prince seeks would not affect his right to arbitrate, but would only delay payment to thousands of California couriers.

Prince's motion to compel arbitration is frivolous. There is no—and never was any—disagreement as to whether Caviar will arbitrate Prince's claims. By filing this action, Prince has delayed his own arbitration proceedings, as the parties must now brief this unnecessary motion to compel arbitration in federal court instead of proceeding with the actual arbitration. This bad-faith use of 9 U.S.C. § 4 has wasted judicial time and resources, and the Court should dismiss the motion.

## BACKGROUND AND PROCEDURAL HISTORY

**A.   Prince Attempts To Prevent Settlement In A State-Court Case Through Multiple Tactics**

Joshua Woodle and Mervyn Cole, represented by the same counsel, filed separate cases against Caviar's then-parent company, Square, Inc., that they seek to consolidate for the purposes of settlement only under *Cole v. Caviar, LLC*, Case No. BC 719079 (L.A. Super. Ct.).[1] The plaintiffs in *Cole* allege that Caviar misclassified them as independent contractors. The *Cole* court granted the defendant's motion to compel arbitration as to Cole's individual claims arising under section 558 of the Labor Code, denied the motion as to Cole's representative PAGA action, and stayed the PAGA action pending resolution of arbitration on the individual claims. Lipshutz Decl. Ex. A.

In December 2019, the parties in *Cole* and *Woodle* reached a Settlement Agreement following a full-day mediation with a professional mediator and extensive discussions and data exchanges. Lipshutz Decl. Ex. B ¶ 7. The Agreement would release any individual, putative class, and PAGA claims that were or could have been asserted in that case. *Id*. Ex. C ¶ 2.38. The Agreement further provides for an opt-out procedure where any putative class member can choose to opt out of the settlement. *Id*. Ex. C ¶ 7.1. The *Cole* plaintiffs then moved for preliminary approval of that settlement on December 13. *Id*. Ex. D.

On January 7, 2020, Prince filed a motion for leave to intervene in the *Cole* action, as well as an opposition to preliminary approval of the proposed settlement. Lipshutz Decl. ¶ 3. A hearing on Prince's intervention motion was set for February 25—the same day as the preliminary approval hearing. *Id.* On January 23, Prince filed a request for *Cole* to be designated as complex and to be transferred to the civil complex division. *Id.* ¶ 4. This would have required reassigning *Cole* to another judge and caused further delay in the case. On February 7, the Honorable Kenneth R. Freeman denied Prince's request for complex designation and kept the previously scheduled hearings on calendar for February 25. *Id.* ¶ 5.

---

[1] In October 2019, Square, Inc. and DoorDash, Inc. closed a transaction in which DoorDash acquired Caviar, LLC from Square as a wholly owned subsidiary. In January 2020, the *Cole* court granted a stipulated motion to substitute Caviar, LLC as the defendant in this action and to dismiss Square, Inc. Lipshutz Decl. ¶ 2.

### B. Prince Files A JAMS Arbitration Demand And, Two Days Later, Files A Petition To Compel Arbitration And A Motion To Compel Arbitration In This Court

On February 18, Prince filed an arbitration demand with JAMS alleging that Caviar misclassifies him as an independent contractor, seeking relief under 29 U.S.C. §§ 206 and 207, the California Labor Code, Wage Order No. 9, the California Business and Professional Code § 17200, and any applicable municipal codes regarding minimum wage, overtime, and sick time and notice violations.  Lipshutz Decl. Ex. E.

Despite no indication that Caviar would oppose arbitration, on February 20, Prince filed a petition to compel arbitration in this Court, arguing that he "is attempting to arbitrate individual claims against Caviar for misclassifying him as an independent contractor instead of an employee."[2] Dkt. 1 at 1.  Prince concurrently filed a motion to compel arbitration stating that he "has filed an individual demand for arbitration against Caviar" based on his misclassification claims.  Dkt. 4 at 1.

On February 21, Caviar's counsel sent a letter to Keller Lenkner explaining that the petition to compel arbitration was improper and requesting that Keller Lenkner withdraw the petition.  Lipshutz Decl. Ex. F.  Caviar explained that a party may file a petition to compel arbitration only if he is "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate."  9 U.S.C. § 4.  Prince was not aggrieved here—in the two days between when he filed his JAMS demand and his petition to compel arbitration, Caviar did nothing to suggest that it would not arbitrate pursuant to the JAMS demand.  Indeed, in its February 21 letter, counsel for Caviar "confirm[ed] that [Caviar] will arbitrate with Prince pursuant to the claim he filed with JAMS.  Accordingly, Prince is not 'aggrieved by the alleged failure, neglect, or refusal of another to arbitrate'" under 9 U.S.C. § 4.  Lipshutz Decl. Ex. F.

On February 22, Keller Lenkner responded to Caviar's February 21 letter, declining to withdraw Prince's motion.  *Id.* Ex. G.

---

[2] On February 27, Prince attempted but failed to properly serve Caviar and left the papers at the front desk of Caviar's offices instead of serving process on Caviar's registered agent.  Dkt. at 19.  Caviar submits this opposition to Prince's motion out of an abundance of caution, but hereby preserves any arguments regarding improper service of Prince's petition, motion, and summons.

3

RESPONDENT CAVIAR, LLC'S OPPOSITION TO MOTION TO COMPEL ARBITRATION – CASE NO. 3:20-CV-01292

### C. Prince Unsuccessfully Attempts To Delay The *Cole* Settlement By Filing A Motion To Stay Premised On His Motion In This Court

Hours after receiving Caviar's February 21 letter explaining that his federal-court action is baseless, Prince filed a motion to stay in *Cole*, arguing that California Code of Civil Procedure section 1281.4 requires a stay pending this Court's resolution of his petition to compel arbitration. Lipshutz Decl. Ex. H. On February 24, Prince filed an *ex parte* application to continue the February 25 preliminary approval hearing in *Cole* pending his motion to stay, despite having no basis for the emergency relief. *Id.* Ex. I. These eleventh-hour tactics were unsuccessful: On February 25, the *Cole* court denied Prince's *ex parte* application to continue the preliminary approval hearing, allowed the parties to present arguments, and instructed them to return for further proceedings on March 17. *Id.* Ex. J.

On February 28, Caviar received an invoice from JAMS for a filing fee of $1,750 in relation to Prince's arbitration demand. Caviar promptly paid the filing fee the next business day, March 2. *Id*. Ex. K.

### ARGUMENT

### A. Legal Standard

The Federal Arbitration Act permits a party to file a petition to compel arbitration if he is "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4. "An action to compel arbitration accrues only when the defendant unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute." *Pryor v. Overseas Admin. Servs., Ltd.*, 2011 WL 13268258, at *6 (N.D. Cal. Feb. 2, 2011).

To state a claim to compel arbitration under the FAA, "[t]he petition must assert: (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision purporting to cover the dispute, (3) interstate or foreign commerce, and (4) the opposing party's failure or refusal to arbitrate the dispute." *DivXNetworks, Inc. v. Gericom AG*, 2005 WL 8173031, at *1 (S.D. Cal. Jan. 7, 2005) (citing *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991)).

### B.  Prince's Motion Is Frivolous

Prince has not been "aggrieved" under 9 U.S.C. § 4 because Caviar has not "refuse[d] to arbitrate." *Pryor*, 2011 WL 13268258 at *6. Prince filed his motion only *two days* after filing an arbitration demand with JAMS. Lipshutz Decl. Ex. E. In those two days, Caviar made no indication that it would "fail[], neglect[], or refuse[] to arbitrate" Prince's claims. 9 U.S.C. § 4. Indeed, Prince recognizes as much, as he never states that Caviar has refused to arbitrate his claims in either his petition or motion. *See* Dkts. 1, 4. And such a statement would be patently untrue, as Caviar promptly informed Prince it would arbitrate his claims and paid the JAMS filing fee to launch arbitration. Prince has not demonstrated—and cannot demonstrate— Caviar's "failure or refusal to arbitrate the dispute," *DivXNetworks*, 2005 WL 8173031, at *1, because *arbitration is underway*.

This Court repeatedly has denied unnecessary motions to compel arbitration in similar circumstances. In *Jones v. St. Paul Travelers*, 2006 WL 2792430, at *2 (N.D. Cal. Sept. 27, 2006), for example, this Court denied the defendant's motion to compel arbitration because the parties already had agreed to arbitrate. This Court "[found] it unnecessary to compel arbitration" as "St. Paul and the Excess Insurers have agreed to arbitrate, and indeed those proceedings have been initiated." *Id*. As plaintiffs had not "unequivocally refuse[d] to arbitrate," the defendant's "motion to compel arbitration [was] premature." *Id*. Here too, Caviar has not "unequivocally refused to arbitrate" and has expressly confirmed its willingness to arbitrate with Prince and paid the JAMS arbitration fee.

Similarly, in *Pryor v. Overseas Admin. Servs., Ltd.*, 2011 WL 13268258 at *7 (N.D. Cal. Feb. 2, 2011), for example, the plaintiffs filed an arbitration demand and the parties began to arbitrate. After a dispute arose regarding whether defendants were subject to personal jurisdiction in the arbitration's location, plaintiffs moved to compel arbitration. *Id.* at *1. This Court denied the motion to compel arbitration, noting that "the court questions whether it should compel an arbitration that is already being arbitrated … [w]hile plaintiffs may not agree on the nature of defendants' cooperation and challenge that defendants should be forced to arbitrate on a class basis, the arbitration procedure is best left to the arbitrator. Furthermore, given the fact that the parties do not dispute that (some form of) arbitration is mandatory under their agreement, the court finds that it should defer to the arbitrator to determine how

the arbitration should proceed." *Id.* at *7. Similarly here, there is nothing for this Court to do. Thus, the Court should deny Prince's "unnecessary" motion. *Jones*, 2006 WL 2792430 at *2.

### C. Alternatively, Prince's Motion Should Be Dismissed As Moot

In the alternative, even if Prince was aggrieved when he filed his motion (he was not), he is no longer aggrieved. "To sustain [the Court's] jurisdiction in the present case, it is not enough that a dispute was very much alive when suit was filed." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "[A] case is moot when the issues presented are no longer 'live.'" *Powell v. McCormack*, 395 U.S. 486, 496 (1969). When an action becomes moot in the course of its proceedings, courts must dismiss the case. *See, e.g.*, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 44 (1997) (vacating and remanding with directions to dismiss case as moot). Regardless of whether Prince's motion was valid when filed, there is not currently a valid "live grievance," and the Court must dismiss this action for mootness. *Lewis*, 494 U.S. at 479.

Far from "unequivocally refus[ing]" to arbitrate, *Pryor*, 2011 WL 13268258 at *6, Caviar has unequivocally expressed its willingness to proceed with Prince's arbitration demand and has directly communicated such to Keller Lenkner. Lipshutz Decl. Ex. E. At that point, it was clear there was no dispute as to whether Caviar would arbitrate and thus no need for the motion.

Prince could have dismissed this action and proceeded in JAMS after receiving this confirmation from Caviar, but he refused. Lipshutz Decl. Ex. F. This is because the real purpose behind Prince's motion appears to have been to establish a basis for his motion to stay in *Cole*. At the time Prince and Keller Lenkner filed the motion in this Court, they had known about the *Cole* settlement for over two months, Dkt. 4 at 5. Yet they waited until the eve of the scheduled hearing in *Cole* on February 25, 2020 to take all these actions. If Prince and Keller Lenkner were truly concerned with protecting Prince's right to arbitrate, they could have filed an arbitration demand as soon as they learned of the proposed *Cole* settlement and then opted out of that settlement option if it was approved. Instead, they waited until the week before the *Cole* hearing to file a demand. There is no reason for this unusual timing other than an attempt to stop the *Cole* settlement hearing from going forward.

Caviar stands ready and willing to arbitrate Prince's dispute in JAMS, as it explained on February 21 and demonstrated by immediately paying its JAMS filing fee. Yet Prince apparently wants

to keep this action alive (and thus not proceed with arbitration) as a basis to derail a settlement that he (like all putative class members) is free to opt out of. This is gamesmanship, pure and simple. Prince and Keller Lenkner have already wasted judicial time and resources by requiring the parties to brief this motion and the Court to review the briefings when there is *no dispute* as to whether the parties will arbitrate. The Court should dismiss the motion as moot so that the parties may proceed in arbitration.

**D.     Caviar's Settlement Is Not A Valid Basis For Prince's Motion, And, In Any Case, Caviar Did Not Violate The Arbitration Agreement**

The only allegation Prince makes in his motion is that Caviar violated the terms of its arbitration agreement by seeking to settle the *Cole* case. *See* Dkt. 4 at 2. That is incorrect as a matter of law. Indeed, Prince points to no case law to support his position that seeking a class settlement infringes on *his* right to arbitrate "in the manner provided for" in the agreement. Rather, an "indispensable element of [a] cause of action under § 4 … is the [party's] refusal to arbitrate." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983); s*ee also PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1067 (3d Cir. 1995) (stating that "unless and until an adverse party has refused to arbitrate … no breach of contract has occurred, no dispute over whether to arbitrate has arisen, and no harm has befallen the petitioner—hence, the petitioner cannot claim to be 'aggrieved' under the FAA."); *Reconstruction Fin. Corp. v. Harrisons & Crosfield*, 204 F.2d 366, 369 (2d Cir. 1953) (stating that the "cause of action for breach of the obligation to arbitrate did not accrue until defendant recently asked [plaintiff] to arbitrate the controversy, and [plaintiff] then refused to comply" with that request). Indeed, even initiating separate proceedings where an arbitration agreement exists, even if those proceedings relate to the same dispute (which it does not in this case), does not "constitute[] a refusal to arbitrate" under 9 U.S.C. § 4. *Jones*, 2006 WL 2792430 at *2 (denying defendant's petition to compel arbitration and finding that filing cross-claims did not constitute a refusal to arbitrate).

In any event, Caviar did not breach the arbitration agreement by entering into a proposed class-action settlement in *Cole*. The arbitration agreement prevents couriers from *litigating* on a class-wide basis, but it does not prevent them or Caviar from *settling* on a class-wide basis. Courts frequently find class-wide settlements appropriate in actions where the parties have signed arbitration agreements. *See, e.g.*, *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030 (N.D. Cal. 2016) (granting preliminary approval of a

class-action settlement where the parties had signed arbitration agreements); *Lee v. JPMorgan Chase & Co.*, 2014 WL 12580237 (C.D. Cal. Nov. 24, 2014) (granting preliminary approval of a class-action settlement where the parties had signed arbitration agreements, including agreements requiring arbitration on an individual basis); *In re TracFone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 999 (N.D. Cal. 2015) (granting final approval of a class-action settlement where the parties had signed binding arbitration agreements); *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1042 (S.D. Cal. 2015) (same). And public policy favors class-action settlements. *See, e.g.*, *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) (stating "there is an overriding public interest in settling and quieting" class-action disputes). If Prince does not wish to settle on a class basis, he may opt out of the settlement and preserve his right to arbitrate. Thus, the *Cole* settlement does not violate either party's rights and Caviar's participation in the settlement is not a breach of its arbitration agreement.

## CONCLUSION

Caviar is (and always has been) ready and willing to arbitrate the claims in Prince's JAMS arbitration demand. It has paid its JAMS filing fee, and arbitration is underway. Thus, Prince's motion to compel arbitration was unnecessary the day he filed it and remains frivolous today. Accordingly, the Court should dismiss his motion to compel arbitration.

Dated: March 5, 2020                     GIBSON, DUNN & CRUTCHER LLP


                                         By:   */s/ Joshua Lipshutz*
                                                   Joshua Lipshutz


                                         Attorneys for Respondent CAVIAR, LLC

# PROOF OF SERVICE

I, Kelly Ding, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California 94105, in said County and State. On March 5, 2020, I served the following document(s):

**RESPONDENT CAVIAR, LLC'S OPPOSITION TO PETITIONER'S MOTION TO COMPEL ARBITRATION**

**DECLARATION OF JOSHUA LIPSHUTZ IN SUPPORT OF RESPONDENT CAVIAR, LLC'S OPPOSITION TO PETITIONER'S MOTION TO COMPEL ARBITRATION**

On the parties stated below, by the following means of service:

Keith A. Custis
 kcustis@custislawpc.com
CUSTIS LAW, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (213) 863-4276

Travis Lenkner
 tdl@kellerlenkner.com
Aaron Zigler
 amz@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
Telephone: (312) 741-5220

þ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**: On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

Executed on March 5, 2020

　　　　　　　　　　　　　　　*/s/ Kelly Ding*
　　　　　　　　　　　　　　　　Kelly Ding